NUMBER 13-03-00169-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


CITY OF HARLINGEN, Appellant,


v.



EDDIE ALVAREZ, Appellee.

 


On appeal from the 357th District Court of Cameron County, Texas.


 


OPINION ON MOTION FOR REHEARING



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Hinojosa



 Appellee, Eddie Alvarez, has filed a motion for rehearing. After reviewing the
motion, the response filed by appellant, the City of Harlingen, and our prior opinion, we
conclude that the motion for rehearing should be overruled. 

 Appellee presents one new argument in his motion for rehearing. Appellee argues
that (1) the recent 2005 amendment to section 143.036(a) of the Texas Local Government
Code provides that an indefinite suspension creates a vacancy, and (2) the amendment
merely clarified existing law. See Act of May 27, 2005, 79th Leg., ch. 869, § 4, 2005 Tex.
Gen. Laws 2950, 2952 (current version at Tex. Loc. Gov't Code Ann. § 143.036(a)
(Vernon Supp. 2005)). The amended version of article 143.036(a) provides,

A vacancy in a fire fighter position described by this subsection occurs on the
date the position is vacated by: (1) resignation; (2) retirement; (3) death; (4)
promotion; or (5) issuance of an indefinite suspension in accordance with
Section 143.052(b).


Tex. Loc. Gov't Code Ann. § 143.036(a). Appellee argues that the 2005 amendments to
chapter 143 of the local government code were clarifications of existing law, rather than
changes. In support of his argument, appellee cites the bill analyses of Senate Bill No.
1050. See Senate Comm. on Intergovt'l Rel., Bill Analysis, Tex. S.B. 1050, 79th Leg.,
R.S. (2005); see also House Comm. on Urban Affairs, Bill Analysis, Tex. S.B. 1050, 79th
Leg., R.S. (2005). The senate analysis states, in relevant part, as follows:

C.S.S.B. 1050 clarifies that the award of seniority points after a person takes
a promotional examination is made if the person scores a 70 or above, and
defines that a vacancy occurs in a non-entry position on the date a person
resigns, retires, dies, or is promoted to a higher classification or is indefinitely
suspended. Finally, C.S.S.B. 1050 clarifies the appeal options available to
a fire fighter or police officer, when appealing a promotional passover. 


Senate Comm. on Intergovt'l Rel., Bill Analysis, Tex. S.B. 1050. Similarly, the house
analysis provides, in relevant, as follows:

S.B. 2173 [sic] will clarify the question of the award of seniority points after
a fire fighter takes a promotional examination, establishes that a vacancy
occurs in a non-entry level position on the date the person resigns, retires,
dies, is promoted to a higher classification or is indefinitely suspended,
makes clear the appeal options that a fire fighter has when appealing a
promotional passover, and authorizes a city which has adopted state civil
service under Chapter 143, Government Code to make a one time
adjustment to the employment status of employees in fire departments. 


House Comm. on Urban Affairs, Bill Analysis, Tex. S.B. 1050.

 The language in both analyses indicates that S.B. 1050 clarifies the (1) award of
seniority points and (2) appeal options available when appealing a promotional passover. 
However, the language in both analyses further indicates that S.B. 1050 defines or
establishes when a vacancy occurs. Neither analysis indicates that S.B. 1050 is merely
clarifying a prior definition of vacancy, nor could it, because the term "vacancy" was not
statutorily defined prior to the amendment.

 Furthermore, section 6(b) of S.B. 1050 provides, "The changes in law made by this
Act to Sections 143.036 and 143.057, Local Government Code, apply only in relation to
a promotional bypass that occurs on or after the effective date of this Act." Act of May 27,
2005, 79th Leg., ch. 869, § 4, sec. 6, 2005 Tex. Gen. Laws 2950, 2952 (emphasis added). 
Section 7 of S.B. 1050 provides, "This Act takes effect September 1, 2005." See Act of
May 27, 2005, 79th Leg., ch. 869, § 4, sec. 7, 2005 Tex. Gen. Laws 2950, 2952. The
language of S.B. 1050 clearly shows the legislature's intent that the amendment apply only
to promotions occurring after September 1, 2005.

 Appellee's motion for rehearing is overruled.


 FEDERICO G. HINOJOSA

 Justice



Concurring and Dissenting Opinion by Justice Castillo. 


Opinion on Motion for Rehearing delivered and filed

this the 16th day of November, 2006.